IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LIBERTY MUTUAL PERSONAL**                                           **PLAINTIFF**
**INSURANCE COMPANY**

**v.**                            **CIVIL ACTION NO. 2:23-cv-141-TBM-RPM**

**CORNEILOUS L. WILLIAMS,** *et al.*                             **DEFENDANTS**

## ORDER

This matter is before the Court on consideration of Defendants' Tionna Brown, Jacquarius Carter, and Corneilous L. Williams Joint Motion for Summary Judgment on the Negligence of Amauri Best and for Related Relief [49] filed on August 22, 2024. Amauri Best has not filed a response, despite being ordered to do so by the Court in its November 7, 2024, Order to Show Cause [53]. Having reviewed the Motion, the uncontested evidence, and relevant authority, the Court finds that the Joint Motion for Summary Judgment [49] should be granted.

The standard to be applied in deciding a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c). A nonmovant's failure to respond to a motion for summary judgment does not entitle the movant to a default judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). "Rather, the Court may accept the movant's evidence as undisputed, and may enter judgment in the movant's favor if the summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment." *Retzlaff v. de la Vina*, 606 F. Supp. 2d 654,

656 (W.D. Tex. 2009) (citing *Eversley*, 843 F.2d at 174).

Here, the Defendants Tionna Brown, Jacquarius Carter, and Corneilous L. Williams have moved for summary judgment on the question of liability. They argue that there are no material facts in dispute regarding how the accident happened and, in support, provide the affidavits of Williams and Carter and other evidence demonstrating that the actions of Amauri Best were the sole and proximate cause of the accident. The Court agrees.

The summary judgment evidence establishes that on September 11, 2022, Cornelius Williams was driving on Highway 59 in Lamar County, Mississippi. [1], p. 5. Also in the vehicle were Tionna Brown, Jacquarius Carter, E.H., and Amauri Best—who was a passenger in the center back seat. [50], p. 2. As the vehicle was traveling northbound on Highway 59, Amauri Best "mistakenly did not see William's hands on the wheel" so she "reached up from the rear seat and grabbed the steering wheel, forcing the 2004 Nissan Altima to leave the roadway and crash into a concrete barrier, and to flip upside down." [50], p. 2. As a result of this accident, Williams, Carter, Brown, and E.H. were taken by ambulance to the hospital. [50], p. 2.

Viewing this evidence in the light most favorable to the non-movant, Amauri Best, the Court finds no genuine issue of material fact that would support a denial of the Motion for Summary Judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Tionna Brown, Jacquarius Carter, and Corneilous L. Williams Joint Motion for Summary Judgment on the Negligence of Amauri Best and for Related Relief [49] is GRANTED.

SO ORDERED AND ADJUDGED, this the 18th day of December, 2024.

                                          TAYLOR B. McNEEL
                                          UNITED STATES DISTRICT JUDGE